UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NELSON VELARDO,

                Petitioner,

-vs-                                          Case No. 6:05-cv-751-Orl-19DAB

FREDERICK J. LAUTEN, et al.,

                Respondent.
_____

## ORDER

This case is before the Court on the following motion:

| | |
|---|---|
| **MOTION:** | **PETITIONER'S MOTION FOR STAY (Doc. No. 14)** |
| **FILED:** | **September 20, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Petitioner has filed a federal habeas petition pursuant to 28 U.S.C. section 2254 (Doc. No. 1) in which he challenges a probationary sentence entered by the state trial court. Respondents have been ordered to file a response to the petition, which will be due on or around October 13, 2005.

In the present motion, Petitioner seeks to stay certain state court proceedings. However, Petitioner has failed to demonstrate that there is any basis supporting the requested relief or that the Court has jurisdiction to enter the requested relief at this juncture. *Cf. Younger v. Harris,* 401 U.S. 37 (1971) (holding that absent some exceptional

circumstances meriting equitable relief, this Court should refrain from interfering with the pending state court proceedings).

Petitioner argues that there should be an exception made to the *Younger* abstention rule based on his Double Jeopardy claim. However, the Court notes that "the bare fact that [Petitioner] has made out a double jeopardy claim is not enough to justify an injunction." *Krall v. Commonwealth of Pennsylvania*, 903 F. Supp. 858, 862 (E.D. Pa. 1995). Here, it appears that Petitioner's Double Jeopardy claim is based on the possibility that he will face multiple convictions (and, therefore, multiple punishments).[1] Under these circumstances, Petitioner will be able to appeal those convictions to obtain full relief. *See Krall*, 903 F. Supp. at 862 (deciding that "if an accused is facing multiple convictions (and, therefore, multiple punishments) in violation of the Double Jeopardy Clause, he may appeal those convictions to obtain full relief.").[2] Consequently, Petitioner's motion to stay must be denied.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this _21st____ day of September, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] In fact, Petitioner mentions that the Double Jeopardy violation emanates from his having "to endure a violation of probation and sentencing for that violation." (Petitioner's Motion to Stay at 3-4.)

[2] Further, it is not clear that the a Double Jeopardy claim applies to parole and probation revocation proceedings. *See United States v. Whitney*, 649 F.2d 296 (5th Cir. 1981) (holding that the Double Jeopardy Clause is inapplicable to parole and probation revocation proceedings).

Case 6:05-cv-00751-PCF-DAB   Document 16   Filed 09/21/05   Page 3 of 3 PageID 178/

Copies to:
pslc 9/20
Counsel of Record

3/