UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NELSON VELARDO,

      Petitioner,

v.                                                     CASE NO. 6:05-cv-751-Orl-19DAB

FREDERICK J. LAUTEN, et al.,

      Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 17) and a supplemental response (Doc. No. 22) to the petition for writ of habeas corpus. Petitioner then filed a reply to the responses (Doc. No. 26). Petitioner alleges one claim for relief in his habeas petition: that there was a Double Jeopardy violation in his case.

*Procedural History*

Petitioner was charged by information with trafficking in counterfeit credit cards (count one), scheme to defraud (count two), fraudulent use of a credit card to obtain more than $1000 in value (count three), and grand theft third degree (count four). He subsequently entered into a plea agreement in which, among other matters, he agreed to

enter pleas of nolo contendere to counts two and four. The prosecutor agreed to recommend that Petitioner receive a sentence of community control for one year, followed by six years of probation. The trial court held a hearing on the pleas and ultimately accepted them. On September 15, 2000, the trial court adjudicated Petitioner guilty of one count of scheme to defraud and one count of grand theft third degree. He was sentenced to community control for one year, followed by probation for a term of six years.[1] Petitioner did not file a direct appeal.

On July 3, 2001, Petitioner filed a motion for reduction of sentence with the state trial court, which was denied on July 10, 2001. Petitioner did not appeal the denial.

On January 28, 2002, pursuant to the request of the State, the trial court entered an order modifying the conditions of Petitioner's community control by deleting the arrearage in costs and converting his restitution to a civil judgment.

On October 23, 2003, an affidavit of violation of probation was filed against Petitioner. While his violation of probation proceedings were pending, Petitioner filed a motion to correct illegal sentence with the state trial court. Petitioner later amended the motion, and the trial court denied the motion and amendments on February 12, 2004. The Fifth District Court of Appeal affirmed *per curiam* on April 13, 2004. Mandate issued on April 30, 2004. Petitioner's request for discretionary review with Supreme Court of Florida was dismissed on May 25, 2004.

On September 9, 2004, Petitioner filed a motion to dismiss the violation of probation

---

[1]The State entered a nolle prosequi as to the remaining counts.

with the state trial court, which was denied on December 21, 2004. Petitioner then filed two motions for rehearing with the state trial court and sought a writ of prohibition with the state appellate court. These requests for relief were denied.

On September 27, 2005, the trial court revoked Petitioner's probation and imposed a sentence of one year and one day imprisonment, with credit for 201 days time-served, to be followed by two years of community control. Petitioner did not appeal this matter.

*Petitioner's Habeas Petition is Untimely*

Petitioner maintains that there was a Double Jeopardy violation based on the convictions/sentences for both grand theft and scheme to defraud. The Court notes that a Double Jeopardy argument is a challenge to the judgment, not the sentence, *Smith v. State*, 886 So. 2d 336 (Fla. 5th DCA), *cause dismissed*, 902 So. 2d 792 (Fla. 2004), and a Double Jeopardy claim should be raised on direct appeal. *See Morgan v. State*, 912 So. 2d 642 (Fla. 5th DCA 2005).

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered. *See* Fla. R. App. P. 9.110(b). Since the judgment of conviction was entered on September 15, 2000, the time for seeking a direct appeal expired on October 15, 2000. Petitioner then had until October 15, 2001, absent any tolling, to file a federal habeas petition regarding such conviction. The instant habeas petition was filed by Petitioner's counsel on May 18, 2005.

Pursuant to section 2244(d)(2), the one-year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his motion for reduction of sentence with the state trial court, on July 3, 2001, 261 days of the one-year period had run. Those proceedings concluded on July 10, 2001, and the one-year period expired 104 days later on October 22, 2001; thus, the instant habeas petition was untimely.[2]

---

[2] Petitioner's other postconviction motions were filed after the one-year period had expired and did not toll the one-year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.[3]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Nelson Velardo is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this _2nd_ day of March, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

[3] The Court notes that Petitioner's reliance upon *Walker v. Crosby*, 341 F.3d 1243 (11th Cir. 2003) is misplaced. In *Walker*, the Eleventh Circuit held that the statute of limitations for a habeas application that contains claims challenging both the resentencing judgment and the original judgment of conviction begins to run on the date the resentencing judgment became final and not the date the original judgment became final. Here, Petitioner's habeas petition contains claims challenging only the original judgment of conviction, and *Walker* is inapplicable.

Copies to:
pslc 3/2
Counsel of Record